## SUMMONS
### IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

CRYSTAL WOLFORD,

                          Plaintiff(s),

Vs.                                                  Civil Action No. 10-C-127

MICHAELS STORES, INC.,

and

LINDA MCGERVEY
c/o Michaels Stores, Inc.
801 Venture Drive
Morgantown, WV  26508,



                          Defendant(s).

TO THE ABOVE-NAMED  DEFENDANT(s):

    **IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby summoned and required to serve upon **Jane E. Peak, Esq.,** plaintiffs attorney whose address is **174 Chancery Row, Morgantown, WV   26505** an answer, including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **20** days after service of this summons upon you, exclusive of the date of service.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED:  March 3, 2010

                          *Jean Friend*
                          JEAN FRIEND, Clerk of the Circuit Court

                          BY: _*Cindy Thomas*_
                          Deputy Circuit Clerk

EXHIBIT
A

IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

CRYSTAL WOLFORD,

    Plaintiff,

v.

                                        CIVIL ACTION NO. 10-C-127
                                        Judge

MICHAELS STORES, INC., and
LINDA MCGERVEY,

    Defendants.

## COMPLAINT

Plaintiff Crystal Wolford brings this action against the defendants Michaels Stores, Inc., a corporation, and Linda McGervey for their discriminatory and/or retaliatory actions against the plaintiff in violation of the West Virginia Human Rights Act, W.Va. Code § 5-11-1, *et seq.*, and for denying her rights under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.*

## PARTIES

1.    Plaintiff Crystal Wolford is, and at all times relevant has been, a resident of Morgantown, Monongalia County, West Virginia.

2.    At all relevant times, plaintiff Wolford was employed by Michaels at its Morgantown, West Virginia, store for at least twelve (12) months and had performed at least one thousand two hundred fifty (1,250) hours of service during the prior twelve (12) months and, thus, is an "employee" as defined by both the West Virginia Human Rights Act

("WVHRA"), W.Va. Code §5-11-3(e), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2611(2); 29 C.F.R. §825.110(a).

3.     Defendant Michaels Stores, Inc., is a qualified foreign corporation with principal offices located in Irving, Texas, doing business in West Virginia as "Michaels - The Arts & Crafts Store, Inc." ("Michaels").

4.     On information and belief, defendant Michaels has, at relevant times, employed more than twelve (12) people in West Virginia for at least twenty (20) weeks during the current or previous calendar year, pursuant to W.Va. Code §5-11-3(d), and, on information and belief, also employed fifty (50) or more persons at plaintiff Wolford's work site or within seventy-five (75) miles of plaintiff's work site for each working day during each of twenty (20) or more weeks in the calendar year or the previous calendar year, pursuant to 29 U.S.C. § 2611(4); 29 C.F.R. §§ 825.104(a) and 825.110(a). Thus, Michaels is an "employer" as defined by both the WVHRA and the FMLA and a "covered employer" under the FMLA.

5.     Defendant Linda McGervey, at all times relevant, has been the local manager of defendant Michaels Stores, Inc., in Morgantown, West Virginia, and is, on information and belief, a resident of Monongalia County, West Virginia.  Furthermore, she is a proper defendant pursuant to W.Va. Code § 5-11-9(7) and the decisions of the West Virginia Supreme Court of Appeals.  At all relevant times, defendant McGervey was an "employer" as defined in § 101(4)(A) of the FMLA. 29 U.S.C. § 2611(4)(A)(ii)(I).

2

6.    Most of the pertinent facts related herein occurred at the Michaels location in Morgantown, Monongalia County, West Virginia.

## FACTS

7.    Plaintiff Crystal Wolford was, at all times relevant, an employee of defendant Michaels at its location in Morgantown, Monongalia County, West Virginia.

8.    In May 2008, plaintiff Wolford was hired as a part-time employee at Michaels. Plaintiff Wolford became a full-time employee in September 2008. During the next several months, she received multiple promotions.

9.    In March 2009, plaintiff Wolford advised defendants that she was pregnant.

10.   Defendants began discriminating against plaintiff Wolford soon after being informed of her pregnancy. For example, within two (2) weeks, defendant Linda McGervey, the store manager of the Michaels at which plaintiff Wolford was employed, reduced plaintiff Wolford's work hours from full-time to part-time. When plaintiff Wolford complained about this change, defendant McGervey stated that she was "watching out" for plaintiff and that plaintiff did not need to be working full-time hours during her pregnancy.

11.   Plaintiff Wolford's work hours were not restored to full-time until she complained to defendant Michaels' district manager, Pat Hawkins.

12.   In response to plaintiff Wolford's contacting senior management to complain about defendant McGervey's reaction to plaintiff's pregnancy, defendant McGervey called

3

plaintiff Wolford into the office and expressed her displeasure with plaintiff's calling corporate with her complaints.

13.     On about April 26, 2009, Michaels implemented a new absence policy wherein employees received "points" for absences, for late arrivals or early departures from work, and for being given warnings regarding these points. Accumulating six (6) points in a six (6) month period is grounds for termination. The policy expressly exempts from its purview absences which are covered by FMLA leave.

14.     Between May 4, 2009, and June 2, 2009, plaintiff Wolford accumulated 4.5 points under this policy due to her pregnancy. She provided doctor's notes to explain many if not all of these absences/points. Yet, neither defendant McGervey nor anyone else at defendant Michaels mentioned to plaintiff Wolford that she may be eligible for FMLA leave to cover some or all of these absences.

15.     By June 2009, plaintiff's obstetrician determined that her pregnancy was high-risk, meaning that plaintiff Wolford would likely miss more work due to pregnancy complications. Still, neither defendants nor their agents mentioned the FMLA to plaintiff or discussed any form of accommodation. Rather, defendant McGervey warned plaintiff about her absences and told plaintiff that she would be fired if she missed any additional work, regardless of the reason. Thus, plaintiff Wolford continued to work, even when she felt ill.

4

16.    On or about June 24, 2009, plaintiff Wolford was hospitalized for several days over concerns regarding premature labor. Plaintiff advised defendants of her hospitalization and the reason for her hospitalization.

17.    At about this time, plaintiff's husband's employer suggested to him that FMLA leave or some other accommodation may be available to protect plaintiff Wolford's job. With this information, and while still hospitalized, plaintiff requested FMLA leave or other accommodation from the defendants. Defendants advised that plaintiff would have to fill out a request form in order to obtain the FMLA leave paperwork from corporate.

18.    Plaintiff's spouse picked this request form up from the store which plaintiff filled out and had delivered to the store so that the written request could be forwarded to Michaels corporate.

19.    At the time of plaintiff's request for FMLA leave, defendants had already posted plaintiff Wolford's job as an open position at the store, inviting others to apply to fill plaintiff's job. Plaintiff became aware of this posting while obtaining the FMLA request form from the store. After plaintiff Wolford complained to Michaels' corporate offices about her job being posted, the posting was removed.

20.    Plaintiff Wolford was again chastised by defendant McGervey for contacting Michaels' corporate offices with her complaints.

21.    In July 2009, plaintiff received a performance review which was not as favorable as her previous review. The sole reason for this lower evaluation was plaintiff's

5

sick leave, which was taken as a result of her high risk pregnancy. Despite the fact that she had advised defendants of her serious medical condition and had requested FMLA leave or some accommodation, the absences due to her high risk pregnancy were held against plaintiff.

22.     On August 6, 2009, plaintiff Wolford finally received her FMLA paperwork from Michaels corporate via certified mail. *See* Exhibit A (USPS documentation showing plaintiff received that paperwork on August 6, 2009). According to the cover letter in the packet she received, plaintiff was required to fill out the paperwork, including obtaining a written statement from her doctor, and return it within fifteen (15) days of her receipt of the paperwork, *i.e.*, by August 21, 2009. *See* Exhibit B (Michaels' preprinted cover letter stating the paperwork must be returned to Michaels within fifteen (15) days of receipt). Plaintiff immediately began gathering the requested information but learned, upon contacting his office, that her obstetrician was out of the office and would not be able to provide a written statement for over a week.

23.     Despite the information Michaels provided to plaintiff regarding the date plaintiff Wolford was required to return the completed FMLA paperwork, on August 13, 2009, Michaels agent Brooke Hale spoke with plaintiff Wolford and asserted that the FMLA paperwork was due by the following day, *i.e.*, August 14, 2009, fifteen (15) days after Michaels mailed it.

6

24.     Plaintiff Wolford questioned this interpretation, and tried to explain to Ms. Hale that the cover letter Michaels included in the packet sent to her indicated that the paperwork was not due until August 21, 2009, *i.e.*, fifteen (15) days after plaintiff Wolford received it.

25.     Despite the information Michaels had provided to plaintiff Wolford in writing, Ms. Hale insisted that plaintiff Wolford submit the paperwork by August 14, 2009, or face termination.

26.     Plaintiff Wolford endeavored to meet this arbitrary new deadline but was unable to do so because her obstetrician was still not available to provide her with a written statement.

27.     On August 18, 2009, Michaels advised plaintiff Wolford that she was fired for missing too much work without timely filing her FMLA paperwork.

28.     Nonetheless, plaintiff Wolford turned in her FMLA paperwork to the defendants on August 19, 2009, two (2) days before she was required to return the forms, according to Michaels' own written instructions.

29.     The medical condition for which plaintiff requested leave qualified as a serious medical condition under the FMLA and, thus, for FMLA leave.

30.     Plaintiff Wolford gave her employer timely notice of her serious medical condition and of her request for FMLA leave.

7

31.     Plaintiff Wolford's high risk pregnancy qualified as a disability under the WVHRA.

32.     Plaintiff's request for additional time off because of her disability was a request for a reasonable accommodation under the WVHRA.

33.     Defendants have stated their reason for firing plaintiff Wolford is because she did not turn in her FMLA paperwork in a timely manner and, therefore, all points were counted against her. *See* Exhibit C (Michaels' Performance Discussion Record, dated 08/18/09).

34.     Yet, plaintiff Wolford submitted her FMLA paperwork in a timely fashion and, therefore, most, if not all, of these points should have been excused and plaintiff should have remained employed by Michaels.

35.     Further, given her serious medical condition, defendant Michaels should have accommodated plaintiff Wolford with additional time off based on her disability.

36.     Defendants fired plaintiff Wolford because of her pregnancy, her disability, her request for FMLA leave, and/or in retaliation for her protected activity under the WVHRA and/or the FMLA.

## FIRST CAUSE OF ACTION
### (Sex Discrimination, Pregnancy Discrimination and/or Disability Discrimination in Violation of the WVHRA)

37.     Defendants' decisions to change plaintiff Wolford's work hours from full-time to part-time, to post her job as vacant, to lower her evaluation rating, and/or other adverse

8

actions, up to and including terminating the plaintiff's employment, were motivated, in whole or in substantial part, by plaintiff's pregnancy, sex, and/or disability in violation of the WVHRA.

38.   As a direct and proximate result of the defendants' actions, plaintiff Wolford has suffered lost wages and benefits in an amount to be proven at trial.

39.   As a direct and proximate result of defendants' actions, plaintiff is entitled to damages for indignity, emotional distress, embarrassment, and mental anguish in an amount to be determined by the jury.

40.   Defendants' actions were willful, wanton and/or undertaken in direct disregard for the rights and sensibilities of the plaintiff entitling plaintiff Wolford to punitive damages in an amount to be determined by the jury.

41.   Defendants' actions violated the West Virginia Human Rights Act entitling the plaintiff to her attorney fees and costs pursuant to W.Va. Code § 5-11-13.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of the WVHRA)

42.   The defendants' decisions to take adverse employment actions against plaintiff Wolford, including firing her from her job, were motivated, in whole or in substantial part, by a retaliatory animus against plaintiff Wolford for her objection to defendants' actions that violated the WVHRA.

43.   As a direct and proximate result of defendants' retaliatory actions, plaintiff Wolford is entitled to damages for lost wages and benefits in an amount to be proven at trial.

9

44.   As a further direct and proximate result of defendants' retaliatory actions, plaintiff Wolford is entitled to damages for emotional distress, humiliation and embarrassment in an amount to be determined by the jury.

45.   Defendants' actions were willful, wanton and/or undertaken in direct disregard for the rights and sensibilities of the plaintiff entitling the plaintiff to punitive damages in an amount to be determined by the jury.

### THIRD CAUSE OF ACTION
#### (Wrongful Termination under FMLA)

46.   At the time that defendants decided to fire plaintiff Wolford, there was in effect a regulation of the U.S. Department of Labor, lawfully promulgated pursuant to the Department of Labor's authority under the FMLA, which stated, in relevant part:

> Sec. 825.220 How are employees protected who request leave or otherwise assert FMLA rights?
> *****
> (c) An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave.  For example, . . . employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under "no fault" attendance policies.

29 C.F.R. § 825.220(c).

47.   Defendants' firing of Ms. Wolford violated this regulation.

48.   As a direct and proximate result of defendants' termination of plaintiff Wolford's employment, plaintiff has incurred and will continue to incur lost wages, benefits

10

and other compensation, entitling plaintiff to damages for those lost wages, benefits and other compensation in an amount to be proven to the jury.

49. As a further direct and proximate result of defendants' firing of the plaintiff, plaintiff Wolford is also entitled to liquidated damages in the amount of double the award of wages, employment benefits, and other compensation awarded plus interest thereon.

50. Plaintiff is further entitled to the reinstatement of her job with all seniority, raises, promotions and other benefits that plaintiff would have been entitled to absent defendant's firing her.

51. Plaintiff Wolford is also entitled to her reasonable attorney fees and other costs and expenses of this action.

## FOURTH CAUSE OF ACTION
### (FMLA Interference)

52. By not timely informing plaintiff Wolford of her rights under FMLA when defendant Michaels knew plaintiff's request for time off was related to a serious medical condition, defendant violated its duty to notify plaintiff of her rights under the FMLA, in contravention of the U.S. Department of Labor's notice regulation, 29 CFR 825.300, and thereby interfered with plaintiff's FMLA rights.

53. Defendants, by firing plaintiff Wolford, interfered with her exercise in the future of her rights under the FMLA, specifically in violation of the anti-interference provisions of § 105(a), 29 U.S.C. § 2615(a), and/or of the Department of Labor's anti-retaliation and anti-discrimination regulation, 29 C.F.R. § 825.220.

11

54.     As a direct and proximate result of defendants' interference, plaintiff Wolford has incurred and will continue to incur lost wages and other compensation, lost benefits, and the loss of her job. Plaintiff is, therefore, entitled to damages for these lost wages, benefits and other compensation in an amount to be proven to the jury.

55.     As a further direct and proximate result of defendants' interference with plaintiff Wolford's FMLA rights, plaintiff is also entitled to liquidated damages in the amount of double the award of wages, employment benefits, and other compensation awarded plus interest thereon.

56.     Plaintiff is further entitled to the reinstatement of her job with all seniority, raises, promotions and other benefits that plaintiff would have been entitled to absent defendants' firing her.

57.     Plaintiff Wolford is also entitled to her reasonable attorney fees and other costs and expenses of this action.

## FIFTH CAUSE OF ACTION
### (FMLA Retaliation)

58.     Defendants, by firing plaintiff Wolford, retaliated against her and/or discriminated against her for her exercise of her rights under the FMLA in violation of the anti-interference provisions of § 105(a) and/or of the U.S. Department of Labor's anti-retaliation and anti-discrimination regulation, 29 C.F.R. § 825.220.

59.     As a direct and proximate result of defendants' retaliation, plaintiff Wolford incurred and will continue to incur lost wages, lost other compensation, lost benefits, and the

12

loss her job entitling plaintiff to damages for these lost wages, benefits and other compensation in an amount to be proven to the jury.

60.    As a further direct and proximate result of defendants' retaliation against the plaintiff, plaintiff Wolford is also entitled to liquidated damages in the amount of double the award of wages, employment benefits, and other compensation awarded plus interest thereon.

61.    Plaintiff is further entitled to the reinstatement of her job with all seniority, raises, promotions and other benefits that plaintiff would have been entitled to absent defendants' firing her.

62.    Plaintiff Wolford is also entitled to her reasonable attorney fees and other costs and expenses of this action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

a.    Past and future lost wages and benefits, under the West Virginia Human Rights Act, in an amount to be proven at trial as a result of the defendants' discriminatory actions;

b.    Damages for emotional distress under the West Virginia Human Rights Act;

c.    Punitive damages under the West Virginia Human Rights Act;

d.    Past wages, employment benefits, and other compensation lost to her as a result of defendants' retaliation and/or interference with her FMLA rights;

e.    Reinstatement to her employment with full seniority and benefits;

13

f.   Prejudgment interest at the prevailing rate from the date on which she was retaliated against to the date of judgment on the award of wages, employment benefits, and other compensation lost to her;

g.   Liquidated damages under the Family and Medical Leave Act which are double the awarded interest, wages, lost employment benefits, and other compensation lost to her;

h.   Reasonable attorney fees and the costs and expenses of this action; and

I.   Such other relief as this Court deems just and appropriate.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues triable to a jury.

Crystal Wolford.
PLAINTIFF,
BY COUNSEL.

JANE E. PEAK
WV BAR # 7213
ALLAN N. KARLIN & ASSOCIATES
174 CHANCERY ROW
MORGANTOWN, WV 26505
(304) 296-8266

14

USPS - Track & Confirm

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquir

 **UNITED STATES POSTAL SERVICE**®

Home | Help | Sign In

Track & Confirm    FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: 7009 0820 0002 0439 3300
Service(s): Certified Mail™
Status: Delivered

Your item was delivered at 10:51 AM on August 6, 2009 in
MORGANTOWN, WV 26501.

Information on this item has been restored from offline files and will be
available online for 30 days from 10/05/2009.

Detailed Results:

* Delivered, August 06, 2009, 10:51 am, MORGANTOWN, WV 26501
* Notice Left, August 03, 2009, 11:03 am, MORGANTOWN, WV 26501

**Track & Confirm**

Enter Label/Receipt Number.

( Go > )

Site Map    Customer Service    Forms    Govt Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2009 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA



Enclosed you will find the forms to apply for Family and Medical Leave (FMLA) of absence and notice of your rights under the Family and Medical Leave Act of 1993.

### Steps to Take:

1. Complete and sign the enclosed Family and Medical Leave of Absence Request form at least 15 days prior to your leave or in the case of an emergency, as soon as possible-generally within two business days. Please return the form to the Benefits Department (see address listed below) or fax to (972) 409-7570.
2. FMLA is unpaid leave.
3. Associates may take up to 12-work week's leave within a rolling 12-month period under FMLA. "Rolling" period means that your particular 12-month period is measured backward from the time your leave begins.
4. If you are requesting leave for a family member's serious health condition, (defined on the enclosed) have their health care provider complete and sign the enclosed Certification of Health Care Provider. **The completed Certification should be returned to the Benefits Department within fifteen (15) days from the date you receive this letter.** If you are requesting medical leave for yourself, or for Worker's Compensation benefits, your health care provider <u>must</u> fill out the medical certification in reference to your health condition.

While on leave, it is imperative you stay in contact with your supervisor. This allows them to estimate your date of return and arrange, if necessary, for another comparable job with equivalent pay, benefits, and responsibility upon your return.

**Please send completed paperwork to:**
Michaels Stores Inc.
8000 Bent Branch Drive
Irving, TX  75063
Benefits Dept., Attn: Brooke Hale
972-409-1612 (phone), 972-409-7570 (fax)

We will review your request for FMLA upon receipt of the completed paperwork.  If approved, your FMLA leave will continue for up to a total of twelve (12) weeks. **Please be advised that if you fail to apply for family/medical leave and you are absent from work, you will be considered absent without leave and subject to the attendance policy.**  If you have any questions, please contact the Benefits Department.

```
RETAIN THIS INFORMATION
  FOR YOUR RECORDS
```

# Notice to Associates Requesting Leave Under the Family and Medical Leave Act of 1993.

(Revised 9/03)

This notice explains your rights and responsibilities for qualified leaves of absence under the Family and Medical Leave Act of 1993 ("FMLA") as well as under Michaels Stores Inc. FMLA policy. If you have any questions concerning the FMLA or Michaels Stores Inc. FMLA policy, please contact the Benefits Department. This notice must be read in conjunction with the letter from Human Resources that approved your FMLA leave.

## Leave Entitlement

If you have been employed by Michaels Stores Inc. for 1,250 hours during the twelve (12) months preceding the first day of the requested leave, you are entitled to up to twelve (12) weeks of family and medical leave during a twelve-month period, unless state law provides more. Your leave will count against your FMLA entitlement in accordance with FMLA requirements. You may request FMLA leave for any of the following reasons:

- for the birth of your child
- to care for a newborn child or a newly acquired adopted or foster child
- to care for a spouse, child, or parent with a serious health condition, but not a parent "in-law"
- For your own serious health condition as defined.

All FMLA leave will be unpaid unless you also qualify and apply, when necessary, for a benefit payment such as Short Term Disability, vacation and sick time, or Worker's Compensation.

## Designation of FMLA Leave

If you elected Short Term Disability or are eligible to receive state disability or are receiving Worker's Compensation Benefits, you will also be using your twelve (12) weeks of FMLA leave while you are out of work. Your FMLA leave will count against your rolling calendar FMLA leave entitlement in accordance with FMLA requirements.

## State Leave Laws

Michaels Stores Inc. FMLA policy was drafted to comply with federal law. Some states have leave statutes which provide associates with leave entitlements more generous or more inclusive than the leave entitlement mandated by federal law. You should check with your Benefits Administrator to determine whether state law affects your FMLA leave.

## Notice of the Need for FMLA leave

You must notify Michaels Stores Inc. of your intent to take FMLA leave. You must notify Michaels Stores Inc. of your intent to take FMLA at least thirty (30) days before your leave is to begin when the leave is foreseeable. You must notify Michaels Stores Inc. of your intent to take FMLA as soon as practicable - generally within two (2) business days of learning of the need to take FMLA leave - when the leave is not foreseeable. **If you fail to provide adequate notice of your need for FMLA leave, Michaels Stores Inc. may deny your leave.**

## Medical Certification

If you have requested leave for your own or a family member's serious health condition, you must provide the Benefits Department a completed Certification of Health Care Provider form, sign the form and have your Health Care Provider sign the form. This form may also be required if you request an extension of your leave, circumstances change regarding your illness or injury, or Michaels Stores Inc. has reason to believe that the most recent certification is no longer valid or accurate. **Medical certification must be provided _no later_ than 15 days of the date it is requested, or your leave may be delayed or denied**

## While you are on FMLA Leave

**Reporting Your Status** – While on FMLA leave, it is imperative you stay in contact with your supervisor (by phone, fax, or in person) regarding your status and intent to return to work.

**Benefit Coverage** – If you are currently eligible for medical benefits through Michaels Stores Inc., your current elections under Michaels Stores Inc. will be continued during your 12 weeks of FMLA leave. However, you must continue to make your required contributions to maintain your current level of coverage. If you are receiving paid leave such as vacation, or sick time, your contributions will automatically be deducted from your paycheck. If you are receiving short-term disability payments, your benefit premiums will not be deducted and you will be expected to send your required contributions. If you are not receiving paid leave, then you should send your required contributions in accordance with our payroll cycle to the Benefits Administrator (please see enclosed letter for amount).

Michaels Stores Inc. will do the same with your other benefits (supplemental life, dental, etc.) as done with your medical benefits (please see above).

**Other Employment** – In accordance with Michaels Stores Inc. policy applicable to all associates, other employment is not permitted during a leave of absence unless it is pre-approved in writing by the Benefits Department (unless applicable law provides otherwise). If your time away from work is not used for the designated purpose as permitted by the leave of absence policy, the leave will be cancelled. Misrepresentation of the reason for a leave may result in disciplinary action, up to and including termination.

## Return to Work

If you return to work from an approved FMLA leave before your twelve (12) weeks of leave expire, you are entitled to the same job that you held before your leave, or to a job with equivalent benefits, pay, and other terms and conditions of employment. In accordance with Michaels Stores Inc. policy applicable to all associates, when you return to work from a medical leave for your own serious health condition, you will be required to provide a "Return to Work Certification" signed by your health care provider. You will not be able to return to your position without this form being completed and reviewed by the Benefits Department.



USPS - Track & Confirm

http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry

UNITED STATES
POSTAL SERVICE®

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

### Search Results

Label/Receipt Number: 7009 0820 0002 0439 3300
Service(s): Certified Mail™
Status: Delivered

Your item was delivered at 10:51 AM on August 6, 2009 in
MORGANTOWN, WV 26501.

Information on this item has been restored from offline files and will be
available online for 30 days from 10/08/2009.

Detailed Results:

* Delivered, August 06, 2009, 10:51 am, MORGANTOWN, WV 26501
* Notice Left, August 03, 2009, 11:03 am, MORGANTOWN, WV 26501

Track & Confirm

Enter Label/Receipt Number.

Go >

Site Map   Customer Service   Forms   Gov't Services   Careers   Privacy Policy   Terms of Use   Business Customer Gateway

Copyright© 2009 USPS. All Rights Reserved.   No FEAR Act EEO Data   FOIA

of 1


**Michael's**
Where Creativity Happens

## PERFORMANCE DISCUSSION RECORD

Name: Crystal Watford

Store # / District # : 1561 , 201

Job Title: Front End Supervisor

Date: 8/18/09

☐ Recognition
☐ Coaching

☐ Verbal
☐ Written Warning

☐ Suspension (ZLPM or ZHRD only)
☐ Final Warning   ☒ Other termination

| Recognition/Coaching | Performance Issues if appropriate, attach Action Plan | | Policy Violations |
|---|---|---|---|
| ☐ Customer Service | ☐ Inventory Management | ☐ Store Standards | ☐ Holding/Discounting Merchandise |
| ☐ Teamwork | ☐ Merchandising Effectiveness | ☐ Work Habits | ☐ Violation-Cash Handling |
| ☐ Initiative | ☐ Customer Service Management | ☐ Failed Audit | ☐ Dishonesty, Theft, Fraud |
| ☐ Leadership | ☐ Attendance/Punctuality | ☐ Sales Management | ☐ Misconduct |
| ☐ Dependability | ☐ Failure to Follow Company Programs/ | ☐ Payroll Management | ☐ Safety |
| ☐ Special Assignment | Instructions (Specify Below) | ☐ Communication | ☒ Timekeeping Violations |
| ☐ Productivity | ☐ Associate/Management Development | ☐ Leadership | ☐ Harassment |
| ☐ Audit | ☐ Productivity | ☐ Insubordination | ☒ Other failure to comply |
| ☐ Attendance/Punctuality | ☐ Cooperation | ☐ Other | w/FMLA |
| ☐ Other_____ | | | |

Associates are expected to comply with all Michaels' programs, policies and procedures.
Your actions do not meet established company standards

Failure to improve and sustain performance at an acceptable level and/or any further
violations of Company policy may result in further disciplinary action, up to and
including termination.

Give details, dates of occurance(s) and dates of discussion(s) for items checked above:
(1) Crystal did not comply w/ FMLA guidelines in turning
in paperwork in a timely manner. Therefore FMLA request
was denied. Crystal has earned 10 points + hr absences and
(2) lateness issues: 5/4 1pt, 5/15 .5 point, 5/29 1 point, 6/2 1 point, 6/24 1 point
6/29 1 point, 7/10 .5 point, 7/25 4 points
Therefore we are terminating her employment at this time.
(3)

I have read a copy of this form and acknowledge that this matter has been discussed with me.

Associate Signature

Date

Comments:

Manager Signature & Date   8/18/09

Witness Signature (if necessary) & Date

2 of 2